# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED MUTLAQ NAGI, | CASE NO. CV-F-06-1451 LJO SMS |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS** |
| vs. | **ORDER SCHEDULING TRIAL SETTING CONFERENCE** |
| MICHAEL CHERTOFF, Secretary of Homeland Security, et al, | Date: May 7, 2007<br>Time: 8:45am<br>Courtroom: 4 (LJO) |
| Defendants. / | |

On November 2, 2006, Defendant United States Citizenship and Naturalization Services ("USCIS") filed a Motion to Dismiss this action. After Plaintiff Mohamed Mutlaq Nagi ("Nagi") filed his response, the Court determined that additional briefing was necessary to consider adequately the motion. Pursuant to an Order Requiring Further Action From Parties, issued on March 7, 2007, the parties filed additional briefs. Having considered all arguments, the Court DENIES Defendants' Motion to Dismiss.

**MOTION TO DISMISS**

This Court has jurisdiction in this action pursuant to 8 U.S.C. §1447(b), which reads:

> If there is a failure to make a determination under section 335[8 U.S.C. §1446] before the end of the 120-day period after the date on which the examination is conducted under such a section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such a court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Under this statute, the Court may either: (a) determine the matter or (b) remand the matter with appropriate instruction to USCIS to determine the matter.

USCIS does not state under which rule it pursues its motion to dismiss. Instead, in its scant memorandum of points and authorities, USCIS offers:

> CIS is prepared to deny the application for naturalization....Because CIS is prepared to

complete adjudication of the application for naturalization, and as well because this action is duplicative of docket number 06-185, the government asks that the Court dismiss the case and remand the matter to U.S. Citizenship and Immigration Services with instructions to adjudicate the application. See 8 U.S.C. §1447(b). (Def. Mot. Dismiss, 2:11-17)

Simply stating that agency is now prepared to deny the application does not divest this Court of jurisdiction in this case. Indeed, USCIS may not adjudicate the application while the case is pending before this Court, because the Court now holds exclusive jurisdiction in this matter. See *United States v. Hovsepian*, 359 F.3d 1144 (9th Cir. 2004); *Zaranska v. U.S. Dept. of Homeland Security*, 400 F. Supp. 2d 500 (E.D. NY 2005). In the absence of authority or argument for its motion, this Court DENIES USCIS' motion to dismiss.

**MOTION TO REMAND**

In its motion to dismiss, USCIS requests the Court to "remand the matter...with instructions to adjudicate the application." Def. Mot. Dismiss, 2:15-17. Were the Court inclined to construe the instant motion as an alternative motion to remand, that motion would also be denied. According to a declaration presented as part of this motion, USCIS admits that the initial examination took place on August 28, 2000. Decl. Darvin L. Weirich, ¶ 7 (Doc. 17-2). Pursuant to 8 U.S.C. §1447(b), Nagi may bring an action before this Court if USCIS fails to make a determination within 120 days of that August 2000 examination. At this time, Nagi's application has been pending for more than six-and-a-half years. The amount of time that has passed between the initial examination and the adjudication of the application is neither explainable nor excusable.

**TRIAL SETTING CONFERENCE**

This Court sets a scheduling conference for May 7, 2007 at 8:45 AM in Courtroom 4 (LJO). The parties may appear telephonically by arranging a one-line call and calling (559) 499-5680. A Joint Scheduling Conference Report is due by April 30, 3007 and should be sent in WordPerfect format to ljoorders@caed.uscourts.gov.

**IT IS SO ORDERED.**

Dated:   April 17, 2007               /s/ Lawrence J. O'Neill
                                       **UNITED STATES DISTRICT JUDGE**