IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED MUTLAQ NAGI, | CASE NO. CV-F-06-1451 LJO SMS |
| Plaintiff, | **ORDER TO REMAND Temporarily ACTION TO ADMINISTRATIVE AGENCY** |
| vs. | |
| MICHAEL CHERTOFF, Secretary of Homeland Security, et al, | |
| Defendants. | |

In this immigration action, Plaintiff Mohamed Mutlaq Nagi ("Mr. Nagi") seeks declaratory judgment of naturalization pursuant to 8 U.S.C. §1447(b). Because Defendant United States Customs and Immigration Service ("USCIS") failed to make a determination on Mr. Nagi's naturalization application within 120 days after his examination, this Court had jurisdiction in this action pursuant to 8 U.S.C. §1447(b), which reads:

> If there is a failure to make a determination under section 335[8 U.S.C. §1446] before the end of the 120-day period after the date on which the examination is conducted under such a section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such a court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

When a court exercises jurisdiction over a matter pursuant to 8 U.S.C. §1447(b), it holds exclusive jurisdiction over the matter. *See United States v. Hovsepian*, 359 F.3d 1144 (9th Cir. 2004); *Zaranska v. U.S. Dept. of Homeland Security*, 400 F. Supp. 2d 500 (E.D. NY 2005). Thus, USCIS may not adjudicate the application while the case is pending before this Court. *Id.*

On May 15, 2008, the parties purported to file a Joint Stipulation of Dismissal. (Doc. 37). The parties indicate that they agree to a voluntary dismissal of this action to allow USCIS to grant Mr. Nagi's naturalization application pursuant to certain conditions; namely, USCIS will grant Mr. Nagi's

naturalization application only if Mr. Nagi remains eligible for naturalization after the completion of Mr. Nagi's recently-submitted fingerprint check. USCIS agrees to grant Mr. Nagi's naturalization application no later than June 4, 2008 and to schedule Mr. Nagi for the next available oath ceremony. If USCIS determines Mr. Nagi is ineligible, based on the fingerprint check results, the parties agree to meet and confer and promptly file a status report and request this Court to re-set pre-trial deadlines and a trial date.

Because the parties' contemplate further action with this Court, and base this stipulation to dismiss on contingencies which may not occur, this Court finds that the parties do not stipulate to voluntarily dismiss this action. Rather, the parties jointly request this Court to temporarily divest itself of jurisdiction and remand this action to USCIS with instructions. If, during that remand period, USCIS determines Mr. Nagi is ineligible for naturalization, the parties agreed this Court should resume jurisdiction over this matter. This agreement is consistent with jurisdictional statute of 8 U.S.C. §1447(b). Moreover, this agreement contemplates agreeable disposition of this action without, perhaps, the expense of trial.

Accordingly, this Court:

1. REMANDS this action to the United States Citizenship and Immigration Service to grant Mr. Nagi's naturalization action no later than June 4, 2008, pursuant to the terms of the agreement of the parties (Doc. 37);
2. STAYS this matter until June 6, 2008;
3. ORDERS the parties, no later than June 10, 2008, to file either (1) dispositive papers or (2) a joint status report indicating agreed-upon trial and pre-trial dates; and
4. VACATES the June 30, 2008 pretrial conference and July 31, 2008 bench trial currently scheduled before this Court.

IT IS SO ORDERED.

**Dated:   May 15, 2008**                    /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE